UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL S. HOSKINS,

        Plaintiff,

  v.                                                      Case No. 19-C-873

SGT. FISHER,
OFFICER MAITLAND,
JOHN DOE, and
HSU MANAGER,

        Defendants.

---

## SCREENING ORDER

---

The plaintiff, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

Here, the plaintiff lacks the funds to pay the partial filing fee. Therefore, the court waives the initial partial filing fee. 28 U.S.C. § 1915(b)(4). The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. Even though the court waives the initial partial filing fee, the plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this order.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

2

**ALLEGATIONS OF THE COMPLAINT**

The plaintiff alleges that on or around April 7, 2019, he had a seizure in his cell while in the restrictive housing unit (RHU) of Waupun Correctional Institution that knocked him out. When he awoke, he felt as if he had hit his head against the wall. The plaintiff pressed the panic button in his cell and told an unidentified officer through the his cell intercom that he had just had a seizure and that he needed to see a nurse. The officer allegedly told the plaintiff to tell his range officer about his seizure and hung up. The plaintiff pressed the panic button again, and the same officer again allegedly told the plaintiff to tell his range officer about his seizure and hung up. The plaintiff states he waited 30 minutes before he saw his range officer, Officer Maitland. The plaintiff asked Maitland if he knew about his seizure. Maitland allegedly told the plaintiff that he was unaware of the plaintiff's seizure and that if he had known he would have come to his cell. The plaintiff informed Maitland that he has a seizure disorder, that he had just had a seizure, and that he hit his head as a result of it. Officer Maitland said that he understood.

The plaintiff also states in his complaint that "Sgt. Fisher along with the John Doe officer in the Bubble [who responded to him over the intercom] [are] aware of my seizure disorder and when [the plaintiff] [has] seizures Sgt. Fisher nor the officer in the Bubble will do anything, not even call the nurse." Dkt. No. 1 at 1. The plaintiff informed the health services unit (HSU) about the RHU officers' alleged failure to respond to his seizures. The HSU allegedly told the plaintiff that "his life is in the hands of the security" officers. *Id.* The plaintiff states that all the officers do is notify their supervisors who allegedly said "they can't wait until [the plaintiff] die[s] in here." *Id.* The plaintiff is seeking monetary damages and to enjoin the warden "to stop his official[s] from using retaliatory actions against me." *Id.* at 3.

**THE COURT'S ANALYSIS**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment as a sentence for a crime. U.S. Const. amend. VIII. It protects an inmate from a governmental actor's deliberate indifference to his basic needs, including an inmate's medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege an objectively serious medical condition and that an official was subjectively aware of that condition and deliberately indifferent to it. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Taking the plaintiff's allegations as true, which the court must do at this stage, the complaint sufficiently states a claim against the John Doe officer who answered the plaintiff's intercom call. The plaintiff informed the John Doe officer that he had just suffered a seizure, he had hit his head against the wall as a result, and that he needed to see a nurse. The John Doe officer took no action in response and told the plaintiff to speak with his range officer. A prison official's decision to ignore a request for medical assistance can be enough to show deliberate indifference. *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Consequently, the complaint states a deliberate indifference claim against the John Doe officer.

The complaint similarly states a claim against Officer Maitland. According to the complaint, Officer Maitland was aware that Hoskins had just suffered a seizure and had hit his head and took no action to treat his conditions or provide him assistance.

Regarding Sgt. Fisher and the HSU Manager, the complaint fails to state a claim against them because it does not set forth how either were personally involved. "[I]ndividual liability under § 1983 requires '"personal involvement in the alleged constitutional deprivation."' *Minix v.*

4

*Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003)). Here, the complaint fails to establish any causal connection between Sgt. Fisher and the HSU Manager and the alleged misconduct.

The court finds that the plaintiff may proceed on the following claims: deliberate indifference against the John Doe officer and Officer Maitland.

The plaintiff has also filed a motion to add a document to the complaint. The document appears to be a copy of an inmate complaint that he filed in relation to the events alleged in the complaint. The plaintiff's motion will be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), motion to waive the partial filing fee (Dkt. No. 10), and motion to add a document to the complaint (Dkt. No. 9) are **GRANTED**.

**IT IS FURTHER ORDERED** that Sgt. Fisher and the HSU Manager be **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the plaintiff shall file a motion requesting to substitute the proper name of the John Doe defendant within 120 days of the date of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 11th day of July, 2019.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court